IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


United States of America,  :

    Plaintiff,  :

  v.  :  Case No. 2:09-cr-278(7)

Elbek A. Saidjanov,  :  JUDGE MARBLEY

    Defendant.  :

ORDER

The above defendant appeared before the Court on January 4, 2010 for a detention hearing. The Court ordered him detained without bond. This order explains that decision.

The defendant has been charged in an indictment with being involved in a sham marriage scheme, the purpose of which was to circumvent the immigration laws of the United States. That charge does not carry a presumption of detention. The government's request for detention was evaluated under the following standard.

Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee. At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial." Id. If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence. Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987). Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror. See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

The evidence presented at the detention hearing consisted of testimony from an agent of the Immigration and Customs Enforcement agency. Agent Kenneth Teich testified that Mr. Saidjanov is not a United States citizen and currently has no legal status in this country. An order has been issued requiring

him to appear and face deportation because he has overstayed his original entitlement to be here.  His application for change of status based on his alleged marriage to Courtnie Susann Good, another defendant in this case, has been held in abeyance.  If he were released on bond, he would not be entitled to bond in his immigration proceedings and he could be immediately deported notwithstanding the pendency of this case.  The Court also considered the Pretrial Services report, which indicates that the defendant's primary ties are to the Philadelphia area and that he does not reside in Columbus although Ms. Good lives here.  Agent Teich testified that Ms. Good was, at the time of her arrest, residing in Columbus with her son and a boyfriend.

    The issue here is risk of non-appearance.  That risk is great given that Mr. Saidjanov can be deported notwithstanding the pendency of this case.  The only way to assure his appearance at future court proceedings is to detain him without bond.  Therefore, that is what the Court ordered.

    The defendant is advised of his right to seek review of this detention order pursuant to 18 U.S.C. §3145(b).

    /s/ Terence P. Kemp
    United States Magistrate Judge